UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
_____ DIVISION

| | | |
|---|---|---|
| JAKE S. b/n/f/ BRENDA S. | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| HEMPSTEAD INDEPENDENT | § | CIVIL ACTION No. _____ |
| SCHOOL DISTRICT & BRENDA | § | |
| MARINO Individually and in | § | |
| Her official capacity | § | |
| Defendants, | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Comes now, Jake S. b/n/f Brenda S. ("Jake" "Student" or "Plaintiffs") and files this Original Complaint against Hempstead Independent School District ("HISD" or "the District") and Brenda Marino ("Marino")(collectively "Defendants"), and would show the court as follows:

**1.**

### Jurisdiction and Venue

1.1   This action arises under 42 U.S.C. § 1983, 42 USC §12132, and 29 U.S.C. 794. The Court has jurisdiction of this action under 28 USC § 1331 and 28 USC § 1343.

1.2   Venue properly lies in this Court pursuant to the general venue statute, 28 U.S.C. § 1391(b).

**2.**

### The Parties

2.1     Jake S. is a student who was at all times pertinent hereto enrolled in the Hempstead Independent School District ("HISD" or "the District"). Brenda S. is the parent of Jake S. ("Student" or "Plaintiff"). Plaintiff's initials are used to protect the minor's privacy consistent with Federal Rules and Local Rules.

2.2     Hempstead Independent School District is a public school district in the State of Texas.

2.3     Defendant Brenda Marino ("Marino") was at all times pertinent hereto, a teacher at Hempstead Elementary School in Hempstead, Texas. All actions by Marino were taken under color of state law and in the course and scope of her employment with HISD.

2.4     Title VI of the Civil Rights Act provides that "A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of ... title VI of the Civil Rights Act of 1964, or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance. 42 U.S.C. § 2000d–7(a)(1).

### 3.

### Factual Background

3.1     Jake S. is presently a nine year old student who resides in the Hempstead Independent School District. Jake S. is and was at all relevant times diagnosed with Angelman Syndrome and epilepsy. Angelman Syndrome is a genetic disorder that results in impaired speech, intellectual, and physical ability.

3.2     Multiple incidents of physical abuse occurred against Jake S., inflicted by the Students' teacher Marino, on HISD grounds. Eyewitnesses established that on multiple occasions

Marino intentionally physically assaulted Student. This occurred over a period of months without intervention. At least one other parent reported concerns that their Student was being physically abused by Marino.

3.3    Although Jake S. was largely non-verbal, and could not describe the abuse he was suffering, he began exhibiting physical symptoms of abuse. In or around September of 2018, Jake S. suffered bruising to his genitalia. This was brought to the District's attention; but no investigation or other action was taken. During the 2018-2019 school year, Jake S. began having significant and novel digestive issues including vomiting. While previously he had been either enthusiastic for school, he began exhibiting distress and crying at the prospect of school.

3.4    On or about March 21, 2019 Jake S. was shoved to the ground by Marino causing injury and/or pain.

3.5    An incident occurred on 8/26/19 where Jake S. was shoved into a doorway. When an aide observed Jake's significant injury and tried to take him to the nurse, that aide was confronted and accosted by Marino, and then reprimanded in front of the classroom for attempting to take Jake to the nurse.

3.6    Another incident occurred on or about 8/27/19 where Jake S. was pushed on the floor by Marino causing injury and/or pain.

3.7    On 8/29/19, another incident occurred where Marino pushed Jake S. to the ground while he was trying to take his seat. Although the physically aggressive act was observed, Marino tried to make the other staff workers confirm that they had seen Student fall, not be pushed.

3.8     On 9/3/19 an incident occurred in which Jake S. was dragged by his ear across the classroom; Student tried to pull Marino's hand off his ear but was unable to. Marino seated Student then placed her left leg across his lap, squeezed Student's arm and yelled in his face.

3.9     Multiple additional incidents of Marino pushing Jake S. and using inappropriate pressure point techniques to force compliance, which caused Jake S. physical pain and suffering, were observed on unspecified dates.

3.10    On September 19, 2019 HISD sent a letter to parents stating that "After investigation, we have determined that Ms. Marino did not comply with Hempstead ISD standards of professional conduct, and we have removed her from the classroom." HISD apparently conducted no investigation into whether Student's other than Jake S. had been assaulted. Other parents pressed for such an investigation but it did not occur.

3.11    The District was fully aware of the abusive behavior perpetrated against Jake S. and other Students but failed to take any action to stop it. In the Spring semester of 2019 and into the Fall of 2019 multiple paraprofessionals reported to the campus principal, assistant principal and their supervisor that Ms. Marino was acting abusively towards Jake S. but the District knowingly and intentionally refused to address those reports. The District moved a paraprofessional who reported Marino out of Marino's classroom in response to her complaint against Marino, instead of addressing or investigating that report.. Because the District refused to address those reports of abuse, a paraprofessional contacted the Special Education Director, and reported the abuse but the District still did not take action, and Jake S. suffered additional abuse subsequent to those reports. Multiple paraprofessionals/aids resigned due to the District's failure to address their reports of Marino's behavior.

3.12    On September 25, 2019 the Texas Department of Family and Protective Services issued a finding that that there was reason to believe that Ms. Marino had engaged in Physical abuse against Jake S.

3.13    The District failed to have policies and procedures in place to monitor for the abuse of disabled, non-verbal Students. The District failed to have appropriate procedures in place to deal with the reporting of suspected abuse of disabled Students. The District failed to have policies and procedures in place to monitor its staff who worked with disabled students. The District failed to have appropriate procedures in place to allow for the reporting of the abuse or suspected abuse of disabled Students. The District knowingly implemented a policy and/or engaged in a practice of refusing to review complaints of abuse related to its special education students.

3.14    Plaintiffs have reason to believe that the District failed to report and/or timely report the abuse inflicted on Students by Marino to the State Board for Educator Certification as required by Texas Education Code Sec. 21.006(b)-(c).

**4.**

**Exhaustion of Administrative Remedies**

4.1    Plaintiff Jake S. previously brought claims under IDEA by way of filing for a due process hearing with the Texas Education Agency in Docket No. 092-SE-1119 styled *Jake S. b/n/f Brenda S. v. Hempstead ISD*. This matter was settled, and dismissed with prejudice. Plaintiffs are not herein seeking relief under IDEA. To the extent that any facts are alleged herein which would constitute liability under IDEA, Plaintiffs are not herein seeking a remedy for any

such claim. All conditions precedent for the filing of this suit, including the exhaustion of administrative remedies have been performed or have occurred.

### 5.

### Claim for Relief under Count 1: Section 1983

5.1 Plaintiffs incorporate and reallege sections 1-4 as if fully incorporated herein.

5.2 Plaintiff Jake S. has a constitutionally recognized liberty interest to be free from abuse by a person wielding state authority. Specifically Jake S. has the right to be free of state-occasioned damage to his bodily integrity as protected by the fourteenth amendment guarantee of due process.

5.3 Defendant Brenda Marino, acting under color of state law, regulation, custom or usage in her capacity as an employee of Hempstead ISD deprived Plaintiffs of their constitutional rights when she intentionally, knowingly, or recklessly physically abused Student. Defendant acted with deliberate indifference to the risk of harm to Plaintiffs. Marino's wrongful conduct clearly violated established law. Her actions were grossly disproportionate to any need, and inspired by malice.

5.4 Hempstead ISD, under color of law, caused Jake S. to be deprived of his right to be free from state-occasioned damage to his bodily integrity. Hempstead ISD was made aware of the abusive behavior of Marino, but chose to ignore the risk of this harmful and abusive behavior. Hempstead ISD failed to properly supervise Marino, to prevent her from abusing her students. Hempstead ISD knew or should have known that Marino was not providing a safe environment for students, but the District failed to take necessary corrective action to protect Students. Hempstead ISD failed to adequately maintain, disseminate or enforce policies,

standards and rules necessary to prevent Student's abuse. Hempstead ISD acted with deliberate indifference to the risk of harm that Marino caused Students, and Hempstead ISD thus authorized, permitted, or tolerated the physical abuse committed by Marino.

5.5     As a result of Defendants' deprivation of Students' constitutionally recognized liberty interest to be free from abuse, Students have been seriously injured, emotionally damaged and/or has otherwise been harmed and is entitled to compensation.

## 6.

## Claim for Relief Count 2 & 3: Section 504 of the Rehabilitation Act of 1973 and the Americans with Disabilities Act of 2008

6.1     Plaintiffs incorporate and reallege sections 1-5 as if fully incorporated herein.

6.2     Because the Fifth Circuit Court of Appeals has equated liability standards under Section 504 of the Rehabilitation Act and the Americans With Disabilities Act ("ADA"), these claims will be presented together as Counts 2 and 3, respectively.

6.3     Plaintiff is entitled to protection of the "Public Services" provision of Title II of the Americans with Disabilities Act of 1990. Pursuant to 42 USC §12132, Section 202 of Title II, no qualified individual with a disability shall, by reason of such disability, be subjected to discrimination by any public entity.

6.4     Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. 794 ("Section 504"), and the regulations promulgated thereunder prohibit discrimination against persons with disabilities. Section 504 prohibits the exclusion from the participation in, or being denied the benefits of, or being subjected to discrimination under, any program or activity receiving Federal financial assistance.

6.5 Plaintiffs are informed and therefore allege that Hempstead ISD is and has been at all relevant times the recipient of federal financial assistance, and that part of that financial assistance has been used to fund the operations and activities described herein.

6.6 Defendants have violated Students' right under Section 504 and the ADA by subjecting them to discrimination on the basis of their disability.

6.7 HISD failed to adequately supervise Brenda Marino, violating Student's rights under both the ADA and Section 504.

6.8 The policies and procedures of HISD disparately disadvantaged Plaintiffs in violation of Section 504 and the ADA.

6.9 Defendant Hempstead ISD committed acts of intentional discrimination under Section 504 and the ADA as demonstrated by the facts alleged herein which evince professional bad faith and gross misjudgment and/or constituted a gross deviation from professional standards of care.

6.10 As a direct and proximate result, Students have been irreparably harmed by Defendants' discriminatory acts.

## 7.

### Damages

7.1 Plaintiffs incorporate and reallege sections 1-6 as if fully incorporated herein.

7.2 As a direct and proximate result of the Defendants' conduct, J.S. has suffered injuries and damages, for which he is entitled to recover within the jurisdictional limits of this court, including but not limited to physical injuries, pain and suffering, and mental anguish in the past and future.

## 8.

## Demand for Jury Trial

8.1 Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action. In accordance with the Federal Rules, this jury demand is being filed with the Clerk of the United States District Court for the Southern District of Texas.

## 9.

## Prayer for Relief

Wherefore, Plaintiffs pray for relief as set forth below:

    a.    This Court assume jurisdiction over this action;

    b.    Enter an order finding in favor of Plaintiffs' causes of action against Defendants;

    c.    Enter judgment awarding Plaintiffs compensatory damages in a sum to be determined at the trial of this matter, exceeding the jurisdictional minimum;

    d.    Award Plaintiffs' attorney's fees and costs, including pre- and post-judgment interest pursuant to 42 USC § 1988(b);

    e.    All such and further relief to which Plaintiffs may be entitled as a matter of law and equity.

Dated: January 19, 2021

    /s/ Jordan McKnight
    Jordan McKnight
    SBN: 24075586
    P.O. Box 664
    Little Elm, Texas 75068
    Tel: (903) 271-4696
    Fax: (972) 408-3432
    jordanmcknightlaw@gmail.com
    *ATTORNEY FOR PLAINTIFFS*