UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JAKE S. b/n/f BRENDA S.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | C.A. NO.: 4:21-CV-00208 |
| | § | |
| **HEMPSTEAD INDEPENDENT SCHOOL DISTRICT & BRENDA MARINO, Individually and in Her Official Capacity** | § § § | |
| | § | |
| **Defendants,** | § | |

### PLAINTIFFS' RESPONSE TO BRENDA MARINO'S RULE 12(b)(1)&(6) MOTION TO DISMISS

TO THE HONORABLE UNITED STATES JUDGE:

Plaintiffs Jake S. b/n/f Brenda S. file this Response to Brenda Marino's Rule 12(b)(1)&(6) Motion to Dismiss, and would show the court as follows:

**A. Standard of Review**

1. Dismissal under 12(b)(6) is not proper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of their claim which would entitle them to relief." *Rios v. City of Del Rio*, Tex., 444 F.3d 417, 420 (5th Cir. 2006). In the context of a 12(b)(6) motion to dismiss, the court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *A.W. v. Humble Indep. Sch. Dist., 25 F. Supp. 3d 973, 981* (S.D. Tex. 2014), *aff'd sub nom. King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754 (5th Cir. 2015). To defeat a motion to

dismiss pursuant to Rule 12(b)(6), a plaintiff must plead enough facts to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* An analysis under 12(b)(6) does not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

**B. Individual claim under Section 504 of the Rehabilitation Act of 1973 or the ADA.**

2. Defendants asserted that Jake S.'s claims against Marino in her official capacity should be dismissed. Official-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent. " *Turner v. Houma Mun. Fire & Police Civ. Serv. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000). While the parties here essentially agree that a suit brought against a person in their official capacity is a suit against the entity (Hempstead ISD), Plaintiffs disagree that this forms a basis for dismissal; the claim against Marino in her official capacity can be treated as an alternate or merged pleading against Hempstead ISD without requiring dismissal.

**C. Qualified Immunity**

3. Defendant Brenda Marino has asserted that she is protected by the doctrine of qualified immunity from Plaintiff's claims that she deprived Plaintiff of a constitutionally recognized liberty interest. Qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Oliver v. Klein Indep. Sch. Dist.*, 448 F. Supp. 3d 673, 691 (S.D. Tex.), *reconsideration denied*, 472 F. Supp. 3d 367

(S.D. Tex. 2020). In reviewing a claim of qualified immunity, courts undertake a two-step analysis: first, courts ask whether the facts, taken in the light most favorable to the plaintiffs, show the officer's conduct violated a federal constitutional or statutory right, second, courts ask 'whether the defendant's actions violated clearly established statutory or constitutional rights of which a reasonable person would have known. *Id.*

4. The 5th Circuit held as early as 1981 that the right to be free of state-occasioned damage to a person's bodily integrity is protected by the fourteenth amendment guarantee of due process. *Pena v. Givens*, 637 F. App'x 775, 782 (5th Cir. 2015). To qualify for constitutional protection the state officials' actions must be grossly disproportionate to the need for action under the circumstances and inspired by malice rather than merely careless or unwise excess of zeal." *Id*. The 5th Circuit characterized the cases involving children that survived this test as involving "interference with a child's physical well being that posed a grave risk of damage." *Morris v. Dearborne*, 181 F.3d 657, 666 (5th Cir. 1999). In *Petta* the 5th Circuit characterized the test as if the [child] can prove that [defendant's] actions caused them any injury, were grossly disproportionate to the need for action under the circumstances and were inspired by malice rather than merely careless or unwise excess of zeal so that it amounted to an abuse of official power that shocks the conscience, they will have stated a valid claim under § 1983. *Petta v. Rivera*, 143 F.3d 895, 902 (5th Cir. 1998)

5. Plaintiffs assert that they have sufficiently alleged a claim that Plaintiff's bodily integrity was damaged in violation of the fourteenth amendment guarantee of due process. Plaintiffs have alleged at least six incidents in which Marino intentionally physically abused Jake, causing him both pain and injury. Notably, Plaintiffs alleged that Jake suffered bruising to

his genitalia, suffered a significant injury for which Jake needed medical treatment, and as a result of Marino's attacks exhibited continuing physical symptoms of an abuse victim. As a physically and intellectually disabled, non-verbal child, Jake is particularly susceptible to harm from such abuse.

6. Plaintiffs assert that the state officials' actions here are clearly grossly disproportionate to the need for action under the circumstances. There is almost no imaginable circumstance where it would be necessary to use any force, much less the force alleged in Plaintiff's complaint against a significantly physically and intellectually disabled eight year old child. There is nothing in Plaintiff's complaint which alludes to any justification for Marino's actions, and there could be none; there is almost no imaginable basis for repeatedly shoving a child whose disability causes him to have balance issues to the ground or into doorways.

7. The next question is then whether Schlarman's actions were inspired by malice rather than merely careless or unwise excess of zeal. Plaintiff's complaint did specifically allege that Marino acted with malice, and have pled factual allegations which clearly support it. In the 8/26/19 incident Marino "confronted and accosted" an aide who tried to take Jake to the nurse after Marino attacked him, and then reprimanded that aide in front of the classroom for attempting to take him to the nurse. (Dkt. 1, ¶3.6). Preventing Jake from accessing medical care, demonstrates that Marino was acting with malice. You could hurt a child with carelessness or unwise zeal, but to then prevent that child from receiving medical treatment, clearly speaks to the actions being inspired by malice. On the 8/29/19 incident, where Marino pushed Jake to the ground, Plaintiffs alleged that Marino tried to get other staff members to confirm that they had seen Jake fall rather than be pushed. (Dkt. 1, ¶3.7). This speaks to the fact that Marino was both

conscious of her wrongdoing, and attempting to cover it up with intimidation and deceit. Further the repeated and similar nature of the attacks on Jake, demonstrate that Marino was not merely careless; the attacks were intentional and a product of malice. Further, as Plaintiffs alleged, multiple reports of Marino's abuse of Jake S. were filed before the abuse stopped; Marino had a motive to act with malice against Jake, as others were putting her career in jeopardy over her treatment of Jake.

8. Regarding the second prong "whether the defendant's actions violated clearly established statutory or constitutional rights of which a reasonable person would have known", the 5th Circuit has held that in determining what a reasonable teacher should know in this instance, it is not necessary to point to a precedent which is factually on all-fours with the case at bar. It suffices that the teacher be aware of general, well-developed legal principles. *Jefferson v. Ysleta Indep. Sch. Dist.*, 817 F.2d 303, 305 (5th Cir. 1987). As described above the case law that establishes the right to be free of state-occasioned damage to a person's bodily integrity is well established in the 5th Circuit.

9. Defendant contends that Section 1983 claims should be dismissed because Texas affords adequate remedies for claims of excessive corporal punishment. Plaintiffs assert that there is no basis in Plaintiff's pleadings for Defendants to draw the assumption that Marino intended discipline rather than engaging in wanton attacks on the Student. The right of a student to be free from state occasioned damage is greatest when it is not justified by the victim's conduct or other extenuating circumstances and there is no suggested justification, such as punishment or discipline. *Doe v. S & S Consol. I.S.D.*, 149 F. Supp. 2d 274, 291 (E.D. Tex. 2001), *aff'd sub nom. Doe v. S&S Consol. Indep. Sch. Dist.*, 309 F.3d 307 (5th Cir. 2002).

Plaintiffs assert that there is no justification for Marino's alleged conduct, and none can be inference from Plaintiff's complaint. There is no basis for any sort of finding that Marino's actions were acts of discipline, and Plaintiffs have not pled that Marino was acting in a disciplinary capacity. This distinguishes the present case from those involving corporal punishment. *c.f. Marquez v. Garnett*, 567 F. App'x 214, 217 (5th Cir. 2014). The case law governing general state-occasioned damage to a person's bodily integrity should apply, and not the more stringent case law involving acts of discipline. As that case law is well established and long recognized, Defendant reasonably should have known that her actions violated clearly established constitutional rights.

10. As cited by Defendants, whether the alleged use of force constitutes corporal punishment "depends on whether the school official intended to discipline the student for the purpose of maintaining order and respect or to cause harm to the student for no legitimate pedagogical purpose." *Flores v. Sch. Bd. of DeSoto Parish*, 116 F. App'x 504, 511 (5th Cir. 2004). Plaintiffs strongly contend that their complaint supports the latter. None of the specific incidents cited by Plaintiff provide any basis for a contention that Marino was engaging in discipline. (Dkt 1 ¶¶ 3.1-3.8). Plaintiffs complaint consistently characterizes these actions as abuse and/or assault, and states that other school employees reported them as abuse, not as excessive discipline. Defendants argue that Plaintiff's allegation that some of the additional incidents cited in ¶ 3.9, other than those cited in ¶¶ 3.1-3.8, involved forcing compliance. But there is no basis for drawing an inference that in those instances Marino was forcing compliance for a legitimate pedagogical purpose rather than her own wanton desire to control or hurt Jake. Even to the extent the Court did draw that inference, it should only do so as to those instances

alleged in ¶ 3.9 rather than the larger complaint. The court is to view the pleadings in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. Plaintiffs strongly assert that there is no basis in the complaint for drawing an inference in favor of the Defendant that Marino's actions were discipline rather than abuse.

**D. Individual claim under Section 504 of the Rehabilitation Act of 1973 or the ADA.**

11. Plaintiffs assert that they have not alleged a claim against Brenda Marino in her individual capacity under Section 504 of the Rehabilitation Act of 1973 or the ADA. Plaintiffs assert that they only allege that Hempstead ISD was the recipient of federal funds making them eligible for jurisdiction under these statutes. (Dkt. 1 ¶ 6.5). To the extent allegations are made against Brenda Marino in Count 2 and Count 3 of its petition, they are made because they are related to Hempstead ISD's liability and/or are made against Marino in her official capacity and not in her individual capacity.

**E. Plaintiff May Replead**

Should the Court determine that any part of Plaintiff's claim should be dismissed under Federal Rule 12(b)(6), Plaintiffs request the opportunity to replead their claim. "The Fifth Circuit has recognized that in view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal. *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567–68 (N.D. Tex. 2005); *citing Great Plains Tr. Co. v.*

*Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

**Prayer**

Plaintiffs request that the Court deny Brenda Marino's motion to dismiss, and award Plaintiffs all other relief to which they may be entitled.

Respectfully submitted,
/s/ Jordan McKnight
Jordan McKnight
SBN: 24075586
P.O. Box 664
Little Elm, Texas 75068
Tel: (903) 271-4696
Fax: (972) 408-3432
jordanmcknightlaw@gmail.com
*ATTORNEY FOR PLAINTIFFS*

**CERTIFICATE OF SERVICE**

I certify that on May 6, 2021 a true and correct copy of the foregoing document was served on all counsel of record via the Court's electronic case filing (ECF) system.

/s/ Jordan McKnight
Jordan McKnight
