# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **JAKE S. b/n/f BRENDA S.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **C.A. NO.: 4:21-CV-00208** |
| | § | |
| **HEMPSTEAD INDEPENDENT SCHOOL** | § | |
| **DISTRICT & BRENDA MARINO ,** | § | |
| **Individually and in Her Official Capacity** | § | |
| | § | |
| **Defendants,** | § | |

## PLAINTIFFS' RESPONSE TO HEMPSTEAD ISD'S RULE 12(b)(1)&(6) MOTION TO DISMISS

TO THE HONORABLE UNITED STATES JUDGE:

Plaintiffs Jake S. b/n/f Brenda S. file this Response to Hempstead ISD's Rule 12(b)(6) Motion to Dismiss, and would show the court as follows:

**A. Standard of Review**

1.     Dismissal under 12(b)(6) is not proper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of their claim which would entitle them to relief." *Rios v. City of Del Rio*, Tex., 444 F.3d 417, 420 (5th Cir. 2006). In the context of a 12(b)(6) motion to dismiss, the court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *A.W. v. Humble Indep. Sch. Dist., 25 F. Supp. 3d 973, 981* (S.D. Tex. 2014), *aff'd sub nom. King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754 (5th Cir. 2015). To defeat a motion to

dismiss pursuant to Rule 12(b)(6), a plaintiff must plead enough facts to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* An analysis under 12(b)(6) does not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

**B. Standing**

2.      Plaintiffs have not intended to raise any claims regarding any other Student than Jake S. To the extent that other students are referenced, it is merely as context to demonstrate Hempstead ISD's knowledge and deliberate indifference to the abuse perpetrated by its' employee.

**C. Exhaustion under IDEA and Gravamen of the Complaint**

3.      Defendants have argued that Plaintiffs claims should be dismissed because they raise claims under IDEA which have not been administratively exhausted. The Supreme Court recognized in *Fry* that even when a suit arises directly from a school's treatment of a child with a disability and so could be said to relate in some way to the student's education, it does not necessarily bring it under the purview of an IDEA claim; the school's conduct might injure the student in ways unrelated to a free appropriate public education ("FAPE"). *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 754, 197 L. Ed. 2d 46 (2017). "FAPE" is a statutory term of art and is generally centered on a disabled student's access to adequate education by a school. See 20 U.S.C. § 1401(9). *Doe v. Dallas Indep. Sch. Dist.*, 941 F.3d 224, 227 (5th Cir. 2019). In a suit brought under a different statute, where the remedy sought is not for the denial of a FAPE, then

exhaustion of the IDEA's procedures is not required. *Fry* at 754. The Court in *Fry* thus instructed courts to look to the gravamen of the complaint to determine whether the Plaintiff is seeking relief under IDEA or not. *Id.* The examination should consider substance, not surface; the use or non-use of particular labels and terms is not what matters; instead, it is the gravamen of a complaint that matters. *Doe* at 227.

4.      IDEA guarantees individually tailored educational services, while Title II and § 504 promise non-discriminatory access to public institutions. *Fry* at 756. The same conduct might violate all three statutes—which is why a plaintiff might seek relief for the denial of a FAPE under Title II and § 504 as well as the IDEA. *Id.* A complaint brought under Title II and § 504 might instead seek relief for simple discrimination, irrespective of the IDEA's FAPE obligation. *Id.* To determine the gravamen, one of the tests the Court in *Fry* proposes is to ask whether a Plaintiff could bring the same claim against a private enterprise. *Id.* Plaintiff's 504 and ADA claims are in part premised on the District's failure to supervise its staff resulting in the Student's injury. Plaintiff asserts it could bring a similar claim against, for instance, a daycare, a summer camp, or a private therapist, alleging that they had not appropriately supervised their staff to accommodate the additional safety concerns necessitated by the child's disability. Because a similar claim could be brought against a private institution, that weighs in favor of a finding that the gravamen is that of a complaint brought under the ADA/504 and not IDEA.

5.      Similarly in *Doe* the court used a test where it examined if the student's disability was hypothetically removed from the complaint, would the claim would look nearly identical to what exists now. *Doe* at 228. In *Doe* the court found that after removing the student's disability there was a nearly identical allegation that the school was deliberately indifferent to the

plaintiff's abuse, and thus the gravamen of the complaint was not an IDEA claim. Likewise here, the complaint stripped of reference to disability also primarily regards Hempstead ISD's deliberate indifference to Jake S.'s abuse.  Thus the gravamen of the complaint is not an IDEA claim.

6.      Plaintiffs assert that this is the distinction between this case and a case like *Heston* where the 5th Circuit found that a private entity would not be required to accommodate a learning disability by providing a trained and supervised aide. *Heston, Next Friend of A.H v. Austin Indep. Sch. Dist.*, 816 F. App'x 977, 982 (5th Cir. 2020). Plaintiffs in the present matter are not arguing that Student required a specifically designated person to aide him, an accommodation that might only be available under IDEA, but rather that the staff who did work with Student should have been appropriately supervised, an accommodation that would apply more broadly than just the school setting to any institution that took a supervisory role over the child.

7.      The 5th Circuit in *Heston* acknowledged that its ruling was limited to the specific language of that Plaintiff's pleading because the Supreme Court in *Fry* had opined that a minor would not ordinarily need to exhaust IDEA remedies for a suit where a "teacher, acting out of animus or frustration, strikes a student with a disability," *Heston, Next Friend of A.H v. Austin Indep. Sch. Dist.*, 816 F. App'x 977, 982 (5th Cir. 2020). Claims that are solely concerned with physical injury and abuse are not subject to the exhaustion requirements of the IDEA. *Heston, Next Friend of A.H v. Austin Indep. Sch. Dist.*, 816 F. App'x 977, 982 (5th Cir. 2020).

**D. Intentional Discrimination 504 ADA Claims**

8. Defendants argued that Plaintiffs failed to assert an act of intentional discrimiation. Plaintiffs would direct the court to *D.R. v. Devereux Advanced Behav. Health*, No. 3:18-CV-00194, 2019 WL 1650083, at *5 (S.D. Tex. Apr. 17, 2019), *report and recommendation adopted sub nom. D.R. b/n/f Lewis v. Devereux Advanced Behav. Health*, No. 3:18-CV-00194, 2019 WL 2016070 (S.D. Tex. May 7, 2019), where the court found that intentional discrimination could be inferred from a Student's abuse where the Plaintiff pled that the child could not defend himself by reason of his disability, could not communicate his needs based upon his disability and the District staff was taking advantage of the child's inability to communicate. The Court found that those allegations, when read together with the claims of physical violence by district staff, were sufficient to survive a 12(b)(6) motion to dismiss. *Id.* Plaintiffs in the present matter similarly pled that Jake was not able to describe the abuse he was suffering, and that the District failed to have policies and procedures in place to monitor for the abuse of disabled, non-verbal Students, to deal with the reporting of suspected abuse of disabled Students, to monitor its staff who worked with disabled students, and to allow for the reporting of the abuse or suspected abuse of disabled Students. In essence Plaintiffs pled a claim that Jake was being discriminated against because he was non-verbal, wasn't able to report his own abuse, and the District in an act of intentional discrimination did not provide a way to monitor for that abuse or allow others to report it. (¶¶ 3.3 and 3.11).

9. Plaintiffs would also direct the Court to *Stewart v. Waco Indep. Sch. Dist.*, 711 F.3d 513, (5th Cir. 2013), *opinion vacated and superseded on reh'g*, 599 Fed. Appx. 534 (5th Cir. 2013). Although the 5th Circuit vacated that opinion, it did so only on procedural grounds, as the potentially dispositive issue of administrative exhaustion had not been addressed by the District

Court. In *Stewart* a student suffering from mental retardation experienced sexual abuse, and the District devised accommodations to address the issue. However when the sexual abuse continued to occur, and the District made no further attempts to to protect the student, the court found that this could constitute gross misjudgment. *Id.* at 525. Here Plaintiff has pled that the District became aware of physical abuse, and rather than devise accommodations to stop it, the District actually moved the staff who reported the abuse out of the classroom. (¶ 3.11). If a District's failure to further address acts of abuse it became aware of can constitute gross misjudgment as in *Stewart,* then clearly here where the District not only failed to address the abuse when it became aware, but took affirmative steps to prevent it from coming to light, thus allowing it to continue, would also constitute gross misjudgment for purposes of finding intentional discrimiation under Section 504/ADA.

**E. Municipal Liability 1983 custom/policy - Failure to Supervise**

10.     Claims based on failure to supervise or inadequate supervision can give rise to municipal liability under § 1983 when a municipality "supervises its employees in a manner that manifests deliberate indifference to the constitutional rights of citizens." *Malone v. City of Fort Worth, Texas*, 297 F. Supp. 3d 645, 656 (N.D. Tex. 2018) *citing Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 453 (5th Cir. 1994). To prevail on a failure-to-supervise claim, the plaintiff must show that (1) the supervision policies of the municipality were inadequate, (2) the municipality was deliberately indifferent in adopting such polices, and (3) the inadequate-supervision policies directly caused the plaintiff's injuries. *Id.* Plaintiff did in fact plead each of these elements. Defendants attack on the sustainability of Plaintiff's claim appears to be premised on that

Plaintiffs will not be able to show any set of facts that demonstrate that Student's abuse was the highly predictable consequence of a failure to supervise.

11.     Plaintiffs assert that the facts plead can lead to a reasonable inference that Student's abuse was a highly likely consequence of the failure to supervise. Plaintiffs plead that the abuse occurred repeatedly over the course of at least a year, was also occurring to other students and continued to occur even after it was repeatedly reported. (¶¶ 3.2- 3.11) There was a pattern of abuse which occurred here which gives rise to the inference that Student's injury was a predictable consequence.

12.     Defendant then asks in its motion for partial credit, arguing that it did eventually supervise by investigating and removing Moreno. Plaintiffs assert that this really only proves Plaintiff point; had the District appropriately supervised by investigating and removing Moreno the first time abuse was reported, the multiple subsequent acts of abuse would not have occurred. Plaintiff's further injury was a highly predictable consequence of failing to investigate and remove Moreno the first time it was reported.

**F. Plaintiffs have not Pled Corporal Punishment**

13.     Defendant contends that Section 1983 claims should be dismissed because Texas affords adequate remedies for claims of excessive corporal punishment. Plaintiffs assert that there is no basis in Plaintiff's pleadings for Defendants to draw the assumption that Marino intended discipline rather than engaging in wanton attacks on the Student. The right of a student to be free from state occasioned damage is greatest when it is not justified by the victim's conduct or other extenuating circumstances and there is no suggested justification, such as punishment or discipline. *Doe v. S & S Consol. I.S.D.*, 149 F. Supp. 2d 274, 291 (E.D. Tex.

2001), *aff'd sub nom. Doe v. S&S Consol. Indep. Sch. Dist.*, 309 F.3d 307 (5th Cir. 2002). Plaintiffs assert that there is no justification for Marino's alleged conduct, and none can be inference from Plaintiff's complaint. There is no basis for any sort of finding that Marino's actions were acts of discipline, and Plaintiffs have not pled that Marino was acting in a disciplinary capacity. This distinguishes the present case from those involving corporal punishment. *c.f. Marquez v. Garnett*, 567 F. App'x 214, 217 (5th Cir. 2014). The case law governing general state-occasioned damage to a person's bodily integrity should apply, and not the more stringent case law involving acts of discipline. As that case law is well established and long recognized, Defendant reasonably should have known that her actions violated clearly established constitutional rights.

14.     As cited by Defendants, whether the alleged use of force constitutes corporal punishment "depends on whether the school official intended to discipline the student for the purpose of maintaining order and respect or to cause harm to the student for no legitimate pedagogical purpose." *Flores v. Sch. Bd. of DeSoto Parish*, 116 F. App'x 504, 511 (5th Cir. 2004). Plaintiffs strongly contend that their complaint supports the latter. None of the specific incidents cited by Plaintiff provide any basis for a contention that Marino was engaging in discipline. (Dkt 1 ¶¶ 3.1-3.8). Plaintiffs complaint consistently characterizes these actions as abuse and/or assault, and states that other school employees reported them as abuse, not as excessive discipline. Defendants argue that Plaintiff's allegation that some of the additional incidents cited in ¶ 3.9, other than those cited in ¶¶ 3.1-3.8, involved forcing compliance. But there is no basis for drawing an inference that in those instances Marino was forcing compliance for a legitimate pedagogical purpose rather than her own wanton desire to control or hurt Jake.

Even to the extent the Court did draw that inference, it should only do so as to those instances alleged in ¶ 3.9 rather than the larger complaint. The court is to view the pleadings in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. Plaintiffs strongly assert that there is no basis in the complaint for drawing an inference in favor of the Defendant that Marino's actions were discipline rather than abuse.

**G. Plaintiff May Replead**

15.    Should the Court determine that any part of Plaintiff's claim should be dismissed under Federal Rule 12(b)(6), Plaintiffs request the opportunity to replead their claim. "The Fifth Circuit has recognized that in  view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal. *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567–68 (N.D. Tex. 2005); *citing Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

**Prayer**

Plaintiffs request that the Court deny Hempstead ISD's motion to dismiss, and award Plaintiffs all other relief to which they may be entitled.

Respectfully submitted,
/s/ Jordan McKnight
Jordan McKnight
SBN: 24075586
P.O. Box 664
Little Elm, Texas 75068
Tel:  (903) 271-4696
Fax:  (972) 408-3432

jordanmcknightlaw@gmail.com
*ATTORNEY FOR PLAINTIFFS*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 17, 2021 a true and correct copy of the foregoing document was served on all counsel of record via the Court's electronic case filing (ECF) system.

<u>/s/ Jordan McKnight</u>
Jordan McKnight