IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAKE S. b/n/f BRENDA S., § | |
| § | |
| *Plaintiffs*, § | |
| § | |
| v. § | C.A. No. 4:21-cv-00208 |
| § | |
| HEMPSTEAD INDEPENDENT § | |
| SCHOOL DISTRICT & BRENDA § | |
| MARINO, Individually and in her § | |
| Office Capacity, § | |
| § | |
| *Defendants*. § | |

**HEMPSTEAD INDEPENDENT SCHOOL DISTRICT'S REPLY BRIEF**

Hempstead Independent School District (HISD or the District) files its Reply to Plaintiffs Jake S., b/n/f Brenda S.'s, Response to HISD's Motion to Dismiss pursuant to Rule 12(b)(6) as follows.

A.   *Jake S. mischaracterizes the standard of review under Rule 12(b)(6).*

Jake S., in his opening salvo in his Response, claims, "Dismissal under 12(b)(6) is not proper unless is appears beyond doubt that the plaintiff can prove no set of facts in support of their claim which would entitle them to relief." Dkt. 26 at p. 1 (citing *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 420 (5th Cir. 2006)). The Fifth Circuit, however, has explained that "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 . . . (1957) ['a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007))) (insertion added). Therefore, the Court should disregard

1

Plaintiff's mischaracterization of the pre-*Twombly* standard of review under Rule 12(b)(6).

**B.     *Artful pleading does not excuse Jake S.'s failure to exhaust his administrative remedies under the Individuals with Disabilities in Education Act (IDEA).***

HISD argued in its Motion to Dismiss that Jake S.'s claims under the ADA, Section 504, and Section 1983 must be dismissed because the gravamen of his Complaint was the denial of a free appropriate public education (FAPE), thus requiring administrative exhaustion under the IDEA prior to filing suit. Dkt. 15 at pp. 13-17. Jake S does not dispute in his Response that he did not exhaust his administrative remedies prior to filing suit; rather, he argues his claims are not subject to exhaustion because: (1) the gravamen of his Complaint is not the denial of FAPE because the claims could be brought against non-school entities such as "a daycare, a summer camp, or a private therapist, alleging that they had not appropriately supervised their staff ***to accommodate the additional safety concerns necessitated by the child's disability***"; and (2) "Claims that are solely concerned with physical injury and abuse are not subject to the exhaustion requirements of the IDEA." Dkt. 26 at pp. 3-4 (emphasis added). As discussed below, Jake S.'s Response only underscores the conclusion that IDEA exhaustion was required prior to filing this lawsuit.

*1.   The procedural history of this dispute is "strong evidence" that the gravamen of Jake S.'s Complaint is the denial of FAPE.*

Before addressing Jake S.'s incorrect arguments, it is important to note what he omits from his Response; namely, Jake S. wholly fails to confront the binding precedent HISD presented to the Court, which explains, "A plaintiff's initial choice to pursue [the IDEA's] process may suggest that she is indeed seeking relief for the denial of a FAPE—with the shift to judicial proceedings prior to full exhaustion reflecting only strategic calculations about how to maximize the prospects of such a remedy." *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 757 (2017) (alteration added). Here, it is undisputed that Jake S. pursued the IDEA administrative process based on the alleged denial of FAPE, and he admits in his Complaint that the process was not exhausted prior to filing

2

suit due to the parties reaching settlement. Dkt. 1 at pp. 5-6. Jake S.'s initial pursuit of and eventual settlement during the IDEA administrative process is "strong evidence" that his claims, regardless of the statutory label used, are really about special education services and are, therefore, subject to dismissal due to his uncontroverted failure to exhaust his administrative remedies under the IDEA. *Heston v. Austin Indep. Sch. Dist.*, 816 F. App'x 977, 983 (5th Cir. 2020) (plaintiffs' ADA and Section 504 claims, premised on alleged physical injuries sustained by the student, were properly dismissed on exhaustion grounds where the plaintiffs settled with the school district during the administrative process); *T. B. v. Nw. Indep. Sch. Dist.*, 980 F.3d 1047, 1052 (5th Cir. 2020) ("Here, T.B.'s resort to the IDEA's administrative procedures before filing suit is a strong indicator that the gravamen of his complaint is in the denial of a FAPE even if the complaint makes no specific mention of a FAPE or the IDEA.").

　　2.　*The answer to Fry's two hypotheticals is a resounding "no."*

The Supreme Court's decision in *Fry* cemented the proposition that when the gravamen of a plaintiff's complaint is the alleged denial of FAPE, then administrative exhaustion under the IDEA is required regardless of whether a plaintiff attempts to circumvent the exhaustion requirement through artful pleading. *Fry*, 137 S. Ct. at 755 ("The use (or non-use) of particular labels and terms is not what matters. The inquiry, for example, does not ride on whether a complaint includes (or, alternatively, omits) the precise words(?) 'FAPE' or 'IEP.'"). "Because the face of a complaint will not always make it apparent whether a non-IDEA claim is still challenging the denial of [FAPE], the Supreme Court suggested two questions that will help distinguish such claims from those asserting general disability discrimination." *McMillen v. New Caney Indep. Sch. Dist.*, 939 F.3d 640, 645 (5th Cir. 2019) (citing *Fry*, 137 S. Ct. at 756). "First, could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was not a school?" and "Second, could an adult (a teacher, for example) have

3

brought essentially the same claim against the school?" *Id.* (citing *Fry*, 137 S. Ct. at 756; *Reyes v. Manor Indep. Sch. Dist.*, 850 F.3d 251, 256-57 (5th Cir. 2017)). "[W]hen the answer is no, then the complaint probably does concern a FAPE, even if it does not explicitly say so; for the FAPE requirement is all that explains why only a child in the school setting (not an adult in that setting or a child in some other) has a viable claim." *Fry*, 137 S. Ct. at 756.

As to the first *Fry* question, Jake S. proffers he could bring his claims under Section 504, the ADA, and Section 1983 against non-school entities such as "a daycare, a summer camp, or a private therapist" if those entities/individuals failed to "supervise[] their staff ***to accommodate the additional safety concerns necessitated by the child's disability***." Dkt. 26 at p. 3 (omission and emphasis added). Setting aside that Jake S.'s hypotheticals pose private rather than public entities, even if it is assumed his hypotheticals involve public facilities, they would still not face liability for "not appropriately supervis[ing] their staff to accommodate the additional safety concerns necessitated by the child's disability." *See Heston*, 816 F. App'x at 982. The "accommodations" to which Jake S. was entitled, and to which he claims HISD failed to ensure its supervisory staff appropriately monitored and implemented, were available exclusively as a result of his Individualized Education Program (IEP) and could not arise outside of the educational setting, let alone in a daycare, summer camp, or a private therapist's office. *See McMillen*, 939 F.3d at 646.[1] In sum, because Jake S.'s accommodations and the related training and supervision arising from those accommodations were determined by his IEP, which is implemented only due to the District's IDEA obligations, "no" is the only appropriate answer to *Fry's* first question. *See Heston*, 816 F. App'x at 983 ("A.H. would have no claim for failure to accommodate in a public

---

[1] Indeed, federal courts have found that a failure to provide adequate training to meet a student's special education needs is a claim of denial of FAPE. *See, e.g.*, *E.R. v. Spring Branch Indep. Sch. Dist.*, 2017 U.S. Dist. LEXIS 110524, at *59 (S.D. Tex. 2017), *report and recommendation adopted sub nom. E.R. v. Spring Branch Indep. Sch. Dist.*, 2017 U.S. Dist. LEXIS 110546 (S.D. Tex. 2017); *Marc V. v. N.E. Indep. Sch. Dist.*, 455 F. Supp. 2d 577, 596 (W.D. Tex. 2006), *aff'd sub nom Marc V. ex rel. Eugene V. v. N.E. Indep. Sch. Dist.*, 242 F. App'x 271 (5th Cir. 2007).

theater or library because those facilities are not required to accommodate a learning disability by providing a trained and supervised aide."); *see also J.V. v. Brownsville Indep. Sch. Dist.*, 2020 U.S. Dist. LEXIS 108707, at *28 (S.D. Tex. 2020) ("To the extent Plaintiffs allege that BISD failed to supervise or train its staff, those claims are subject to the IDEA's administrative exhaustion requirement. Plaintiffs 'could not state a viable claim under the ADA or Section 504 against a library or theater based on its failure to train personnel on how to instruct or handle special needs students' because a claim 'concerning teacher training and remedial measures fall under the umbrella of claims that require IDEA exhaustion.'") (quoting *P.G. by and through R.G. v. Rutherford Cnty. Bd. of Ed.*, 313 F. Supp. 3d 891, 902 (M.D. Tenn. 2018)).[2]

Turning to *Fry's* second question, Jake S. makes no effort whatsoever to answer this hypothetical in his response—likely, because he cannot do so. As Jake S. himself phrases in his Response, his complaints are premised on HISD's purported failure to appropriately supervise its staff "to accommodate the additional safety concerns necessitated by the child's disability," thereby focusing on Jake S.'s alleged treatment as a student. *See* Dkt. 26 at p. 3. Thus, following *Fry's* analytical framework, the answer to both hypothetical questions is "no," the gravamen of Jake S.'s complaint is the alleged denial of FAPE, and his claims under the ADA, Section 504, and Section 1983 should be dismissed due to his uncontroverted failure to exhaust the IDEA's administrative process. *Washington ex rel. J.W. v. Katy Indep. Sch. Dist.*, 403 F. Supp. 3d 610, 621 (S.D. Tex. 2019) (Rosenthal, J.) ("To answer the questions posed in *Fry*: Ms. Washington's claims would not have arisen in a public facility that was not a school, or if he was an adult visitor or

---

[2] Jake S., in his Response, attempts to distinguish this case with that before the Fifth Circuit in *Heston* by claiming, Plaintiffs in this present matter are not arguing that Student required a specifically designated person to aide him, an accommodation that might only be available under IDEA, but rather that the staff who did work with student should have been appropriately supervised, an accommodation that would apply more broadly than just the school setting to any institution that took a supervisory role over the child." Dkt. 26 at p. 4. Jake S.'s attempt to distinguish *Heston* only underscores that the gravamen of his complaint is the alleged denial of FAPE—the proper supervision and training of special education personnel to implement accommodations is purely an IDEA matter.

employee at the school. These allegations focus on J.W.'s status and treatment as a student and his educational accommodations. Under *Fry*, these claims must be exhausted.").

   3. *Exhaustion in this case was required despite Jake S.'s allegations of physical abuse.*

Jake S.'s contention that IDEA exhaustion was not required in this case is, likewise, without merit. Footnote 9 from *Fry* provides that when a teacher, acting out of animus or frustration, strikes a student with a disability, "the substance of the plaintiff's claim is unlikely to involve the adequacy of special education." *Fry*, 137 S. Ct. at 756 n.9. "Unlikely," however, does not equate to "impossible," and as Judge Rosenthal thoroughly analyzed in a case involving allegations of physical violence against a disabled student, the pattern evident from these cases when a plaintiff brings § 504 and ADA claims based exclusively on nondisciplinary violence against a student, exhaustion under the IDEA is not required. However, if the alleged physical harm is connected to a disciplinary measure because of in-school disruptive behavior that interferes with attending classes or participating in other educational services, courts are more likely to conclude that the gravamen of the complaint relates to the denial of a free and appropriate public education," thereby requiring administrative exhaustion. *Washington*, 403 F. Supp. 3d at 618-21 (holding that a student's Section 504/ADA claims, arising from being tased, handcuffed, and confined to the school required IDEA exhaustion because the incident did not comply with the student's IDEA plan requirements for services and accommodations based on his disabilities).

Here, put plainly, Jake S. does not allege that Defendant Brenda Marino "struck" or otherwise assaulted him with discriminatory animus or frustration anywhere in the Complaint. *See generally* Dkt. 1. Indeed, as explained above, Jake S. premises HISD's liability for his claims under Sections 504 and 1983 not on Marino's purported intentional, disability-based animus, but on the District's purported failure to properly supervise and train Marino to properly implement Jake S.'s accommodations. *See* Dkt. 1 at pp. 6-8; Dkt. 26 at pp. 3-5. And just as was the case in *Heston* and

6

*Washington*, Jake S.'s Section 504, ADA, and Section 1983 claims "fall squarely" within the ambit of his special education needs and were required to be exhausted. *See Heston*, 816 F. App'x at 982 ("[T]he Hestons' complaint does not allege that Hardison's actions were random acts of violence, but instead presents those allegations in the context of her ability to perform adequately as a special-needs aide: 'Instead of providing the correct accommodations to A.H. Jennifer Hardison physically and verbally abused the child.' As such, these claims fall squarely within the ambit of A.H.'s educational needs."); *see also Washington*, 403 F. Supp. 3d at 621.

C.  *Jake S. still does not plausibly allege that he was the victim of disability-based discrimination in support of his Section 504/ADA claims.*

Even assuming, for the sake of argument, that Jake S. was not required to exhaust his administrative remedies, his disability discrimination claims under Section 504/ADA should nonetheless be dismissed for failure to state a claim. Both the ADA and Section 504 require a plaintiff to demonstrate that they were excluded from participation in or denied the benefits of services intentionally because of their disability. 29 U.S.C. § 794(a); 42 U.S.C. § 12132; *D.A. ex rel. Latasha A. v. Houston Indep. Sch. Dist.*, 629 F.3d 450, 453 (5th Cir. 2010). As referenced above, Jake S. does not allege that HISD acted with disability-based, discriminatory intent or ill will because of his disability at all; rather, he claims the District removed Marino from the classroom upon investigating his allegations. Dkt. 1 at p. 4. This allegation would prevent a finding that HISD was deliberately indifferent to known disability-based abuse, which is lower than the intentional discrimination Fifth Circuit's standard applicable to Section 504/ADA claims. *See Washington*, 403 F. Supp. 3d at 622; *see also James v. Harris Cnty.,* 577 F.3d 612, 617-18 (5th Cir. 2009) ("Deliberate indifference is a degree of culpability beyond mere negligence or even gross negligence; it 'must amount to an intentional choice, not merely an unintentionally negligent oversight.'" (quoting *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 392 (5th Cir. 1992)). Absent any

7

plausible allegation that HISD acted with discriminatory intent toward Jake S., his Section 504 and ADA claims should be dismissed on this alternative ground.

D.   *Jake S. comes nowhere close to plausibility under Section 1983 premised on an alleged failure to supervise.*

While Jake S. asserts the District failed to train and supervise its staff (Dkt. 26 at 6-7), such an assertion can only serve as a basis for municipal liability under Section 1983 in limited circumstances. *See City of Canton*, 489 U.S. at 389; *City of Houston v. Piotrowski*, 237 F.3d 567, 578-79 (5th Cir. 2001). "[A] municipality's failure to train its employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'" *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011). Showing deliberate indifference under a failure to train or supervise theory requires "[a] pattern of similar constitutional violations by untrained employees." *Id*. at 1360. The pattern of constitutional violations "must be 'fairly similar to what ultimately transpired.'" *Sanders–Burns v. City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010). Moreover, "[m]ere negligence or even gross negligence is not enough . . . for [HISD] to be liable for the Board's failure to train or supervise the school staff, the Board must have actual or constructive notice of ongoing constitutional violations at the school; otherwise the Board's failure could not be a conscious or deliberate choice." *Yara v. Perryton Indep. Sch. Dist.*, 560 F. App'x 356, 359 (5th Cir. 2014).

Jake S., however, fails to plead facts plausibly suggesting a pattern of similar supposed constitutional violations by untrained employees, much less actual or constructive knowledge on behalf of HISD's Board of Trustees. In sum, Jake S.'s Response leaves no room for doubt that his Section 1983 claim is premised entirely on *respondeat superior*, based on the alleged actions of the Marino, which is plainly impermissible for holding the District liable under Section 1983. *Penny v. New Caney Indep. Sch. Dist.*, 2013 U.S. Dist. LEXIS 73375, at *11 (S.D. Tex. 2013) ("Municipal liability cannot be sustained under a theory of *respondeat superior*. [T]he

unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability.") (quoting *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003)) (alteration in original); *see also Ayon v. Austin Indep. Sch. Dist.*, 2020 U.S. Dist. LEXIS 55714, at *23-25 (W.D. Tex. 2020). Accordingly, Jake S. fails to plead the essential elements of municipal liability through a failure to supervise theory, and his Section 1983 claim against HISD should be dismissed with prejudice on this alternative ground. *See Spiller v. City of Tex. City Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997); *see also Rivera*, 349 F.3d 244 244, 248 (5th Cir. 2003) ("'[A] federal court would not be justified in assuming that municipal policymaking authority lies somewhere other than where the applicable law purports to put it.'") (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 126 (1988)) (alteration in original).

## Prayer

HISD requests that its Motion to Dismiss pursuant to Rule 12(b)(6) be granted. HISD further requests that Jake S.'s claims against it be dismissed with prejudice because amendment would be futile. *See Lewis v. Fresne*, 252 F.3d 352, 360 n.7 (5th Cir. 2001). Finally, HISD requests that it be awarded its taxable costs of court and any and all other relief to which it may be justly entitled.

Respectfully submitted,

KARCZEWSKI | BRADSHAW | SPALDING

_/s/ C. Cory Rush_
C. Cory Rush
State Bar No. 24074989
Fed. I.D. No. 1125441
crush@kbslawgroup.com
Melissa M. Goins
State Bar No. 24074671
Fed. I.D. No. 2089537
mgoins@kbslawgroup.com
3700 Buffalo Speedway, Suite 560
Houston, Texas 77098
Telephone: (713) 993-7066
Facsimile: (888) 726-8374

ATTORNEYS FOR HEMPSTEAD
INDEPENDENT SCHOOL DISTRICT

**Certificate of Service**

I hereby certify that on the 18th day of May 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Jordan McKnight
P.O. Box 664
Little Elm, Texas 75068
(Attorney for Plaintiff)

Clay T. Grover
Jonathan G. Brush
Amy Demmler
Rogers, Morris, & Grover, L.L.P.
5718 Westheimer Rd., Suite 1200
Houston, Texas 77057
(Attorneys for Defendant Brenda Marino)

_/s/ C. Cory Rush_
Attorney for Hempstead ISD